RAMSEUR v. MOORE.

1. APPEAL FROM TRIAL JUSTICE—COSTS—RES JUDICATA.—An order of the Circuit Court, with written consent of appellant, dismissing an appeal *with costs*, because of the loss of the records, estops such appellant from afterwards objecting to the taxation against him of the costs of his appeal.

2. IBID.—IBID.—*Doubted* whether an appeal from a trial justice can be said to have been dismissed for want of prosecution, when the only ground of dismissal was that the appeal record had been lost.

3. POINT NOT RAISED ON CIRCUIT not considered on appeal.

Before FRASER, J., York, July, 1894.

Action by D. S. Ramseur against Moore, Bruce & Co.

*Mr. N. W. Hardin*, for appellant.

*Mr. W. B. DeLoach*, contra.

March 7, 1895.   The opinion of the court was delivered by

MR. CHIEF JUSTICE McIVER.   The plaintiff having recovered judgment, before a trial justice, against the defendants (for what amount is not stated in the "Case"), the defendants appealed to the Circuit Court, but upon what grounds do not appear.   The case seems to have been docketed upon the proper calendar of the Circuit Court at fall term, 1893, and was continued at that term, because, as it is alleged, the record could not be found.   At the next term (spring term, 1894), the record still being missing, his honor, Judge Watts, granted the following order: "Upon hearing the appeal in the above entitled case, and it appearing that the papers in said case being lost, appellant's attorney consenting, on motion of W. B. DeLoach, respondent's attorney, it is ordered, that the said appeal be dismissed and with costs."   This order was neither excepted to nor appealed from, and on the contrary was formally consented to in writing by the attorney for the appellant.   Soon thereafter the clerk, upon due notice, taxed the costs of respondent, as set forth in the "Case," but as there was no exception to any particular item of costs allowed by such taxation, the items need not be set forth here.   At the reference before the clerk for the

taxation of costs, appellant's attorney presented two affidavits set forth in the "Case"—one made by the trial justice and the other by himself—the former stating that "all the records" in the case had been sent by him to the clerk of the court, and the latter stating that he was informed by the clerk that he could not find said records, for which reason only he consented to the order dismissing the appeal hereinabove set out.

From the taxation of costs made by the clerk, the defendants appealed to the Circuit Court, and the same was heard by his honor, Judge Fraser, who dismissed the appeal and affirmed the taxation of costs made by the clerk. The only exception taken to this taxation before Judge Fraser, is set forth in the "Case" as follows: "Because the said clerk erred in taxing costs against the appellants because the order dismissing the appeal and the facts show, that the said appeal was dismissed for want of prosecution, and because the return of the trial justice had been lost." From the order of Judge Fraser dismissing the appeal, the defendants have appealed to this court upon the following exceptions: "1st. It is respectfully submitted that his honor, Judge Fraser, erred in affirming the judgment of the clerk, because the order of Judge Watts shows that the said appeal from the trial justice was dismissed, and dismissed because the records were lost; that the said cause was dismissed for want of prosecution, as the appellants and Judge Watts had no record upon which said cause could be heard upon its merits, and that the cause was not heard upon its merits. 2d. Because the evidence did not show that the amount involved in the action exceeded the sum of $20, but the evidence before the clerk and judge did show that the cause was dismissed because the records were lost, and for no other reason. 3d. Because the judge should have decided that the action was dismissed for the want of prosecution on the part of the appellants, or because they could not prosecute the cause further because the records were lost, and it was error to affirm the clerk's judgment that required appellants to pay costs."

The first and third exceptions, relating as they do to the same matter and practically presenting the same questions, to wit: whether the dismissal of the appeal from the judgment

20—43

of the trial justice because of the loss of the records can be regarded as a dismissal for want of prosecution, such as would deprive the parties of the right to costs under sections 373 and 366 of the Code, may be considered together. It seems to us that the appellants are effectually estopped from raising any such question, by their formal consent in writing to the order of Judge Watts. That order unappealed from, whether right or wrong, must be regarded as the law of this case. By that order, it was explicitly adjudged that the appeal be dismissed *"with costs;"* and hence the appellants are precluded now from raising any question as to their liability for costs.

It is unnecessary, therefore, and would, perhaps, be improper, for us to consider a question which has already been adjudged by competent authority. But we may add, that it is by no means free from doubt, that an appeal dismissed on motion of the respondent, because the return of the trial justice cannot be found, can be regarded as an appeal dismissed for want of prosecution, under the provisions of section 366, which seems to contemplate a case where neither party brings it to a hearing before the end of the second term, when the appeal is dismissed by the court itself, in which case no costs are allowed under section 373 of the Code. This question, however, must not be regarded as adjudged, inasmuch as it cannot properly arise in this case.

As to the second exception, it is sufficient to say that no such point was raised in the Circuit Court, and it cannot, therefore, be considered.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.